ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, NV 89146
Telephone: (702) 979-3565
Facsimile: (702) 362-2060
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MATTHEW BACKES, an individual,<br><br>Plaintiff,<br>vs.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff MATTHEW BACKES, by and through his attorneys of record, ADAM R. FULTON, ESQ. and LOGAN G. WILLSON, ESQ., of the law firm of JENNINGS & FULTON, LTD., hereby files this Complaint against Defendants ARIA RESORT & CASINO, LLC, DOES I-X, and ROE CORPORATIONS I-X and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff MATTHEW BACKES is an individual that at all relevant times herein was a resident of Clark County, Nevada.

2. Defendant ARIA RESORT & CASINO, LLC ("Aria") is a Nevada Limited Liability Company conducting business in Clark County, Nevada at all relevant times herein.

3. Plaintiff does not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through X and ROE CORPORATIONS I through X, specifically any parent or sister company of Aria. Plaintiff alleges that such Defendants assisted or participated in activities that resulted in damages suffered by Plaintiff as more fully discussed under the claims for relief set forth below. Plaintiff requests leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Defendants when Plaintiff discovers such information.

4. This Court has personal jurisdiction over all parties, as all parties involved are either residents of Clark County, Nevada or conduct business in Clark County, Nevada.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 in that this case arises under federal and state law, specifically for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Nevada's Unlawful Employment Practices statute, NRS 613.330.

6. Venue is proper because all events giving rise to Plaintiff's claims occurred in Clark County, Nevada.

## ADMINISTRATIVE PREREQUISITES

7. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and NRS 613.330 by Aria.

8. On October 17, 2022, the EEOC issued Mr. Backes a Notice of Right to Sue, giving him 90 days from receipt of such notice to file his Complaint related to his Title VII and NRS 613.330 claims. *See* Exhibit 1.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set

forth herein.

10. Mr. Backes began his employment at Aria on June 18, 2012 as an Assistant Beverage Manager and was later promoted to Beverage Manager.

11. Mr. Backes was an exemplary employee for nearly 10 years.

12. On August 16, 2021, MGM Resorts International ("MRI") announced that all salaried employees and all new hires employed at any MRI subsidiary, including Aria, must be fully vaccinated from Covid-19 by October 15, 2021 ("Vaccination Mandate").

13. Aria required all salaried employees and new hires who did not work exclusively from home to receive a Covid-19 vaccination by October 15, 2021.

14. Mr. Backes timely submitted his religious exemption ("Religious Exemption") identifying his sincerely held Christian beliefs.

15. An Aria representative then submitted a questionnaire for Mr. Backes to fill out regarding his Religious Exemption.

16. Mr. Backes responded to questions Aria provided.

17. Specifically, Mr. Backes identified that he sought an exemption based on his religious convictions, he identified that the vaccine contained aborted fetal cells, that the body is the temple of the lord, and that he is Christian.

18. Aria denied Mr. Backes' Religious Exemption and disputed his sincerely held religious beliefs.

19. Aria asserted that it could not grant the Religious Exemption because it would interfere with Mr. Backes' guest and employee interactions, the same interactions non-salaried and/or non-vaccinated employees would face.

20. Aria summarily concluded that granting the Religious Exemption would be an undue hardship and gave Mr. Backes until October 15, 2021 to get fully vaccinated.

21. Due to his sincerely held religious beliefs, Mr. Backes did not get vaccinated and was subsequently terminated based on the same.

22. Aria subjected Mr. Backes to disparate treatment because of his religion that unvaccinated hourly Aria employees were not subject to.

23. Mr. Backes belonged to a protected class.

24. Mr. Backes was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

25. Similarly situated individuals outside of Mr. Backes' protected class were treated more favorably by not being subject to Aria's Vaccination Mandate.

26. Aria separated its employees, specifically Mr. Backes, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

27. There was no undue hardship to Aria because Mr. Backes would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

28. Moreover, Aria provided on-site Covid-19 testing for employees, making it feasible for Mr. Backes to receive testing on property.

29. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MRI properties.

30. Moreover, Aria no longer maintains the Vaccination Mandate for salaried employees.

31. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all Aria employees.

32. As a direct and proximate result of the aforementioned acts and/or omissions, Aria violated Title VII and NRS 613.330, and retaliated against Plaintiff.

33. Plaintiff has been forced to hire an attorney to prosecute this action and therefore

seek recovery of his attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**

**(Discrimination on the Basis of Religion in Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

34. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

35. After Aria implemented the Vaccination Mandate, Mr. Backes timely submitted his Religious Exemption and his response to Aria's questionnaire, Aria denied Mr. Backes' Religious Exemption and subsequently terminated him.

36. Due to his sincerely held religious beliefs, Mr. Backes did not get vaccinated and was subsequently terminated based on the same.

37. Aria subjected Mr. Backes to disparate treatment because of his religion that unvaccinated hourly Aria employees were not subject to.

38. Mr. Backes belonged to a protected class.

39. Mr. Backes was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

40. Similarly situated individuals outside of Mr. Backes' protected class were treated more favorably by not being subject to Aria's Vaccination Mandate.

41. Aria separated its employees, specifically Mr. Backes, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

42. There was no undue hardship to Aria because Mr. Backes would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

43. Moreover, Aria provided on-site Covid-19 testing for employees, making it feasible for Mr. Backes to receive testing on site.

44. Notably, non-salaried employees were not subject to the Vaccination Mandate

despite working for various MRI properties.

45. Moreover, Aria no longer maintains the Vaccination Mandate for salaried employees.

46. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all Aria employees.

47. Aria subjected Mr. Backes to unequal terms and conditions of employment due to his religion in violation of Title VII, 42 U.S.C § 2000e, *et seq*.

48. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

## SECOND CLAIM FOR RELIEF

**(Retaliation in Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

49. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

50. After Aria implemented the Vaccination Mandate, Mr. Backes timely submitted his Religious Exemption and his response to Aria's questionnaire, Aria denied Mr. Backes' Religious Exemption and subsequently terminated him.

51. Due to his sincerely held religious beliefs, Mr. Backes did not get vaccinated and was subsequently terminated based on the same.

52. Aria subjected Mr. Backes to disparate treatment because of his religion that unvaccinated hourly Aria employees were not subject to.

53. Mr. Backes belonged to a protected class.

54. Mr. Backes was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

55. Similarly situated individuals outside of Mr. Backes' protected class were treated

more favorably by not being subject to Aria's Vaccination Mandate.

56. Aria separated its employees, specifically Mr. Backes, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

57. There was no undue hardship to Aria because Mr. Backes would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

58. Moreover, Aria provided on-site Covid-19 testing for employees, making it feasible for Mr. Backes to receive testing on site.

59. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MRI properties.

60. Moreover, Aria no longer maintains the Vaccination Mandate for salaried employees.

61. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all Aria employees.

62. Aria retaliated against Mr. Backes in violation of Title VII, 42 U.S.C § 2000e, *et seq*.

63. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

### THIRD CLAIM FOR RELIEF

**(Discrimination on the Basis of Religion in Violation of NRS 613.330)**

64. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

65. Pursuant to the provisions of NRS 613.330(1)(a), it is an unlawful employment practice for an employer to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because

of his or her religion.

66. Pursuant to the provisions of NRS 613.330(1)(a), it is an unlawful employment practice for an employer to adversely affect an employee's status because of his or her religion.

67. After Aria implemented the Vaccination Mandate, Mr. Backes timely submitted his Religious Exemption and his response to Aria's questionnaire, Aria denied Mr. Backes' Religious Exemption and subsequently terminated him.

68. Due to his sincerely held religious beliefs, Mr. Backes did not get vaccinated and was subsequently terminated based on the same.

69. Aria subjected Mr. Backes to disparate treatment because of his religion that unvaccinated hourly Aria employees were not subject to.

70. Mr. Backes belonged to a protected class.

71. Mr. Backes was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

72. Similarly situated individuals outside of Mr. Backes' protected class were treated more favorably by not being subject to Aria's Vaccination Mandate.

73. Aria separated its employees, specifically Mr. Backes, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

74. There was no undue hardship to Aria because Mr. Backes would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

75. Moreover, Aria provided on-site Covid-19 testing for employees, making it feasible for Mr. Backes to receive testing on site.

76. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MRI properties.

77. Moreover, Aria no longer maintains the Vaccination Mandate for salaried

employees.

78. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all Aria employees.

79. Mr. Backes' damages resulted from an occurrence of the nature which NRS 613.330 is designed to prevent.

80. Moreover, Mr. Backes is within the class of persons NRS 613.330 is designed to protect.

81. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

## FOURTH CLAIM FOR RELIEF

### (Retaliation in Violation of NRS 613.330)

82. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

83. After Aria implemented the Vaccination Mandate, Mr. Backes timely submitted his Religious Exemption and his response to Aria's questionnaire, Aria denied Mr. Backes' Religious Exemption and subsequently terminated him.

84. Due to his sincerely held religious beliefs, Mr. Backes did not get vaccinated and was subsequently terminated based on the same.

85. Aria subjected Mr. Backes to disparate treatment because of his religion that unvaccinated hourly Aria employees were not subject to.

86. Mr. Backes belonged to a protected class.

87. Mr. Backes was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

88. Similarly situated individuals outside of Mr. Backes' protected class were treated

more favorably by not being subject to Aria's Vaccination Mandate.

89. Aria separated its employees, specifically Mr. Backes, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

90. There was no undue hardship to Aria because Mr. Backes would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

91. Moreover, Aria provided on-site Covid-19 testing for employees, making it feasible for Mr. Backes to receive testing on site.

92. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MRI properties.

93. Moreover, Aria no longer maintains the Vaccination Mandate for salaried employees.

94. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all Aria employees.

95. Aria retaliated against Mr. Backes in violation of NRS 613.330.

96. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

1. For judgment against Defendants for Plaintiff's compensatory damages, together with interest thereon until entry of judgment;

2. For judgment against Defendants for Plaintiff's lost wages and backpay, together with interest thereon until entry of judgment;

3. For an award of punitive damages against Aria for its violation of Title VII and NRS 613.330, together with interest thereon until entry of judgment;

4. For entry of an order compelling Defendant to pay Plaintiff's costs and attorneys' fees;

5. Consequential and incidental damages according to proof at trial;

6. For special damages; and

7. For such other and further relief as the Court may deem just and proper.

DATED: January 5, 2023                               **JENNINGS & FULTON, LTD.**

By: /s/ *Adam R. Fulton, Esq.*
ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
2580 Sorrel Street
Las Vegas, NV 89146
*Attorneys for Plaintiff*